IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PHILIP J. GADZINSKI,

                         Plaintiff,

    v.                                                           OPINION and ORDER

DOUG BELILE, JOEL SCHIREK, AMY JENKINS, and           23-cv-734-jdp
AMY WEST,

                         Defendants.

---

Plaintiff Philip J. Gadzinski, proceeding without counsel, is a patient civilly committed at Sand Ridge Secure Treatment Center. Gadzinski contends that the administrators at Sand Ridge are violating his rights by illegally charging him for access to DIRECTV on his personal television. The court has allowed Gadzinski to proceed with this case without payment of the whole filing fee, and he has made an initial partial payment of the filing fee as previously directed by the court. Dkt. 5.

The case is before the court for screening under 28 U.S.C. § 1915(e)(2), which requires the court to dismiss any claim that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. I must accept Gadzinski's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). But Gadzinski must allege enough facts to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

Gadzinski alleges that it is illegal for Sand Ridge to charge individual residents for in room television signal access without a "Satellite Master Antenna System (SMATV) Authorized Biller authorization." Dkt. 1, at 3. Gadzinski contends that a SMATV arrangement

allows a large property that has individual viewers on the property to distribute DIRECTV to individual viewers. Gadzinski further alleges that a SMATV customer, which in this case is Sand Ridge, is prohibited from charging individual viewers for DIRECTV programming or reselling DIRECTV programming. Gadzinski alleges that "[t]he SMATV Viewing Agreement requires that all subscriber units receive DIRECTV programming" and that Sand Ridge cannot charge residents for cable access because Sand Ridge does not have an "Authorized Biller agreement."

Gadzinski requests that the court award him statutory damages under 47 U.S.C. § 553, which allows civil plaintiffs to bring an action to recover actual or statutory damages from someone who intercepts or receives "any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law." Gadzinski also seeks to recover punitive damages and compensatory damages for emotional distress under Wisconsin Statute § 51.61(7), which allows patients committed to a mental health treatment facility to recover for violations of their rights.

I will dismiss Gadzinski's complaint for two reasons. First, even though Gadzinski clearly explains that he believes it is illegal for Sand Ridge to charge him for receiving TV, I cannot tell why Gadzinski believes he has the right to receive DIRECTV for free. Gadzinski's citation to 47 U.S.C. § 553 suggests that he thinks the defendants violated federal law prohibiting the unauthorized interception or reception of cable services. But his allegations describe Sand Ridge as the SMATV customer that is supposed to distribute the DIRECTV service to individuals within its property, so it is not clear how Sand Ridge is intercepting or receiving cable services without authorization. Gadzinski's allegations about the SMATV Viewing Agreement and Authorized Biller Agreement suggest that he thinks that Sand Ridge's

2

duty to provide residents with DIRECTV free of charge comes from a contractual agreement. But it's not clear who he thinks the parties to those agreements are or should be, so I cannot tell if Gadzinski believes that Sand Ridge is contractually bound to provide individual residents with DIRECTV.

Second, Gadzinski's complaint does not comply with Federal Rule of Civil Procedure 8. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief" so that defendants have fair notice of the claims against them. But Gadzinski does not explain how any of the individual defendants are connected to Sand Ridge's policy of charging residents for cable access. Each individual defendant Gadzinski wishes to sue must be able to understand what the individual defendant is alleged to have done to violate Gadzinski's rights.

Because Gadzinski's complaint does not comply with Rule 8, I will dismiss it. But I will give Gadzinski a chance to file an amended complaint in which he identifies the right he believes is being violated by Sand Ridge's policy of charging for cable access and explains what each of the named defendants specifically did to violate his rights. In drafting his amended complaint, Gadzinski should do the following:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally cause or participate in a violation of his rights.
- State his allegations as if he were telling a story to people who know nothing about his situation.

ORDER

IT IS ORDERED that:

1. Plaintiff Philip Gadzinski's complaint, Dkt. 1, is DISMISSED.

2. Plaintiff may have until June 25, 2024, to submit an amended complaint addressing the problems detailed in the opinion above. Should plaintiff fail to submit an amended complaint by this deadline, I will direct the clerk of court to enter judgment dismissing the case.

Entered June 4, 2024.

                              BY THE COURT:

                              /s/

                              _____

                              JAMES D. PETERSON
                              District Judge